IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RAYMOND TIBBETTS,

                Petitioner,      :      Case No. 1:14-cv-602

   - vs -                             Chief Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                 :

                Respondent.

## REPORT AND RECOMMENDATIONS

This is a capital habeas corpus case. When it was before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it was a second-in-time Petition and ordered Petitioner to show cause why the case should not be transferred to the Sixth Circuit as a second or successive petition requiring a certificate from that court before proceeding (Doc. No. 3). The Court is required to decide the second or successive question *sua sponte* if necessary because district courts lack subject matter jurisdiction over second or successive petitions unless the Court of Appeals has issued the required certificate. *Burton v. Stewart*, 549 U.S. 147 (2007).

Petitioner acknowledged that this was a second-in-time petition, but responded that no appellate certificate was required "because his petition is limited to newly ripe claims challenging Ohio's use of lethal injection as a method of execution." (Response, Doc. No. 6, PageID 99). Petitioner cited *Sheppard v. Warden,* 2013 U.S. Dist. LEXIS 5560 (S.D. Ohio Jan. 14, 2013)(Frost, D.J.).

1

After Petitioner responded to the Order to Show Cause, Respondent moved to dismiss the Petition for lack of subject matter jurisdiction and because the claims made "are barred by § 2244(b) and are non-cognizable in habeas." (Motion, Doc. No. 7, 102). The Warden notes that Tibbetts raised a claim that lethal injection as a method of execution was *per se* unconstitutional in his first challenge to his conviction and death sentence in habeas, *Tibbetts v. Bradshaw*, Case No. 1:03-cv-114. The undersigned Magistrate Judge recommended dismissing that claim, Tibbetts did not object, and dismissal of that claim was included in the final judgment. *Tibbetts v. Bradshaw,* 2006 U.S. Dist. LEXIS 13881 (S.D. Ohio Mar. 29, 2006)(Dlott, D.J.), affirmed 633 F.3d 436 (6th Cir. 2011), *cert. denied sub nom. Tibbetts v. Bobby*, 132 S.Ct. 238 (2011). Because he made a general attack on lethal injection in that case which was dismissed, the Warden argues this case must be dismissed under 28 U.S.C. § 2244(b)(1)("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.")

The Warden also argues claims challenging the implementation of Ohio's lethal injection statute are not cognizable in habeas corpus, citing *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014). Tibbetts, like Scott, is a plaintiff in *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, a case under 42 U.S.C. § 1983 being litigated before District Judge Frost of this Court.

In opposing dismissal, Tibbetts relies not only on *Sheppard, supra*, but numerous other cases[1] by this Court holding that habeas challenges to new lethal injection protocols adopted since prior habeas corpus cases became final do not constitute second or successive petitions within the meaning of § 2244. In each of the cited cases, the District Judge was acting on a

---

[1] "*See, e.g.*, *Raglin v. Mitchell*, No. 1:00-cv-767, 2013 U.S. Dist. LEXIS 141199, at 94 (S.D. Ohio Sep. 29, 2013) (Barrett, J.); *Smith v. Pineda*, No. 1:12-cv-196, 2012 U.S. Dist. LEXIS 121019, at 13-14 (S.D. Ohio Aug. 27, 2012) (Merz, M.J.), *supplemented by* 2012 U.S. Dist. LEXIS 154037, at 2-4 (S.D. Ohio Oct. 26, 2012), *then adopted by* 2012 U.S. Dist. LEXIS 171759, at 2 (S.D. Ohio Dec. 4, 2012) (Rose, J.); *Chinn v. Bradshaw*, No. 3:02-cv-512, 2012 U.S. Dist. LEXIS 93083, at 8-9 (S.D. Ohio July 5, 2012) (Sargus, J.)" (Doc. No. 8, PageID 110).

recommendation from the undersigned. *Stare decisis* requires that I adhere to that conclusion in the absence of supervening authority, none of which is cited by the Warden. While the Warden argues this position contravenes public policy (Reply, Doc. No. 9, PageID 117). While the Magistrate Judge appreciates the impact on the State's interest in finality, the equality concerns which in part ground stare decisis doctrine strongly suggest consistency until or unless the Sixth Circuit decides otherwise.

The Warden asserts this guidance has been provided in *Scott v. Houk, supra.* The Magistrate Judges disagrees, concluding the Warden reads *Scott* too broadly. As Tibbetts notes, *Scott* did not purport to overrule *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011), which held that a challenge to a lethal injection protocol can also be brought under 28 U.S.C. §2254. Nor could it do so since Adams is a published Sixth Circuit decision which can only be overruled by the Supreme Court or by an en banc Sixth Circuit.

Consistent with the position previously taken by the undersigned in numerous capital cases, it is respectfully recommended that the Warden's Motion to Dismiss be DENIED.

December 28, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).