# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RAYMOND TIBBETTS,

          Petitioner,    :    Case No. 1:14-cv-602

  - vs -                             District Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                    :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Respondent's Objections (Doc. No. 12) to the Magistrate Judge's Report and Recommendations (Doc. No. 11). As permitted by Fed. R. Civ. P. 72, the Petitioner has filed a Response to those Objections (Doc. No.15). Judge Dlott has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Order, Doc. No/. 14).

The Warden sought dismissal on the grounds this was a second or successive Petition on which Tibbetts could not proceed without circuit court certification and also on the ground that objections to lethal injection are not properly cognizable in habeas corpus. The Report recommended denying dismissal because the undersigned has consistently held habeas petitions challenging new execution protocols are not second or successive within the meaning of the AEDPA and that *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), which held such claims were cognizable remained the controlling Sixth Circuit precedent (Report, Doc. No. 11, PageID 127-28).

The Warden's Objections essentially reiterate the Motion to Dismiss and therefore do not require additional analysis. Based on the reasoning previously given, the Magistrate Judge again respectfully recommends that the Motion to Dismiss be denied.

February 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).