IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RAYMOND TIBBETTS,

        Petitioner,    :    Case No. 1:14-cv-602

  - vs -        District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

             :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS; DECISION AND ORDER ON MOTION TO AMEND

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 22). Tibbetts opposes the Motion (ECF No. 25) and the Warden has filed a Reply in support (ECF No. 28). The case is also before the Court on Tibbetts' Motion for Leave to File an Amended Petition (ECF No. 26) which the Warden opposes (ECF No. 29); Tibbetts has filed a Reply in support (ECF No. 30).

Because a motion to dismiss is dispositive within the meaning of 28 U.S.C. § 636(b), it requires a recommendation from an assigned Magistrate Judge, rather than a decision. However, a motion to amend is a non-dispositive matter on which a Magistrate Judge has decisional authority in the first instance. However, a motion to amend under Fed. R. Civ. P. 15 is non-dispositive and therefore within the initial decisional authority of a Magistrate Judge.

The Warden bases her Motion to Dismiss on the recent decision of the United States Supreme Court in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726 (2015), where the Justice Alito wrote for the majority:

1

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* decision in *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. Id., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S. Ct. at 2738.

The Warden argues that this passage from *Glossip* "contradicts" the reading of *Hill* which the Sixth Circuit gave that case in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), when it held that a challenge to a lethal injection protocol can be brought in a habeas corpus case under 28 U.S.C. § 2254.  As the Warden notes, this Court has read *Adams* expansively to allow death row inmates to pursue challenges to Ohio's lethal injection protocols simultaneously in habeas corpus and in a civil rights action under 42 U.S.C. § 1983.  *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, * 3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2014).

This Court has persisted in this expansive reading of *Adams* despite refusals by the Sixth Circuit to remand habeas cases for discovery on a lethal injection claim where the petitioner has a pending § 1983 case in which he can receive the discovery necessary to support that claim. *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014); *accord, Frazier v. Jenkins*, 770 F.3d 485 (6th Cir.

2014). The Court has reasoned that neither *Scott* nor *Frazier* purported to overrule *Adams*, which remained (and indeed remains) a published and unreversed decision of the circuit court.

**Procedural History**

Raymond Tibbetts brought his first habeas corpus petition to challenge his death sentence in Case No. 1:03-cv-114 on February 18, 2003. The Petition in that case was dismissed with prejudice on March 31, 2006. The dismissal was affirmed *Tibbetts v. Bradshaw*, 633 F.3d 436 (6th Cir. 2011), *cert den. sub nom. Tibbetts v. Bobby*, 132 S. Ct. 238 (2011). Tibbetts filed the instant second-in-time Petition July 23, 2014 (ECF No. 2). The Warden moved to dismiss for lack of jurisdiction on the grounds the Petition was second or successive (ECF No. 7). The Magistrate Judge recommended denying that Motion on the basis of *Adams* (ECF No. 11) and that recommendation was adopted by District Judge Dlott on March 5, 2015 (ECF No. 20), several months before *Glossip* was decided.

# ANALYSIS

The Warden's Motion to Dismiss is directed to Tibbetts' original Petition. The Motion is technically moot because Tibbetts proposes to replace the Petition with an Amended Petition and it is respectfully recommended that the Motion to Dismiss be DENIED on that basis.

The Warden repeats in her opposition to the Motion to Amend the arguments based on *Glossip, supra*, that she makes in Motion to Dismiss (Opposition, ECF No. 29). For the reasons already given in other recently-decided motions calling for application of *Glossip*, the Magistrate

Judge concludes that Tibbetts' Proposed Amended Petition does not adequately plead claims cognizable in habeas corpus in light of the fact that Tibbetts is also a plaintiff in *In re Ohio Execution Protocol Litig.,* Case No. 2:11-cv-1016. See *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015); *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015); *Franklin v. Robinson*, 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); and *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015). In summary, the Magistrate Judge has concluded that the expansive reading of *Adams* he previously relied on is no longer tenable in light of *Glossip*, but that death row petitioners may still be able to properly plead habeas claims related to lethal injection protocols.

Based on the reasoning in those decisions, the Motion for Leave to File an Amended and Supplemental Petition is DENIED without prejudice to its renewal not later than October 9, 2015. In any renewed motion, Tibbetts must show clearly how any proposed new claims differ from claims made or proposed to be made in the *In re Ohio Execution Protocol Litig.* case and relate them to Ohio's lethal injection protocol as amended June 29, 2015. For reasons already given in the prior decisions, the Court hopefully requests Petitioner's counsel to avoid using the label "LI-habeas claims."

For the reasons given in *Landrum, supra.*, in any renewed motion to amend, Tibbetts must restate his position on why this case is not a second or successive application under 28 U.S.C. § 2244(b)

September 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).